THOMAS CLEGG *vs.* BOSTON STORAGE WAREHOUSE COMPANY.

Suffolk.    March 19, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Conversion — Warehouseman — Delivery to Officer for Attachment.*

A warehouseman, who unlocks the door of a compartment in his warehouse upon the demand of an officer with a writ of attachment, and exposes another's goods stored therein, which are thereupon attached by the officer, is not liable for a conversion of the goods.

W. ALLEN, J.    This is an action of tort against a warehouseman for the conversion of goods that belonged to the plaintiff, which were put in storage by him with the defendant. While in the defendant's warehouse, the goods were attached on a writ against a former owner of them as his property, and continued in the possession of the attaching officer under the attachment until they were replevied by another claimant. The conversion relied on is the delivery of the goods by the defendant to the attaching officer. It is conceded that the officer had no author-

ity to attach them, and the question presented is, whether the
facts stated show such delivery of the goods by the defendant as
will constitute a conversion of them.

The goods were stored by the defendant in its warehouse, in a
locked compartment, to which the defendant held the key.    The
attaching officer went to the warehouse with a writ of attach-
ment against one Preston, and demanded access to the goods in
order to attach them on the writ, declaring that they were the
property of Preston.    The defendant opened the door of the
compartment where the goods were, and the officer took them
on the writ.    All the defendant knew in regard to the ownership
of the goods was that they had that day been delivered at the
warehouse by a teamster, who ordered them to be stored in the
name of Thomas Clegg, and there is nothing to show want of
good faith or of due care on the part of the defendant, except
the fact that it opened the door on the demand of the officer.
The plaintiff relies on the rule that delivery of goods by a
warehouseman to a person not authorized to receive them is a
conversion.    See *Lichtenhein* v. *Boston & Providence Railroad*,
11 Cush. 70; *Hall* v. *Boston & Worcester Railroad*, 14 Allen,
439.    It may be assumed that it is not necessary that there
should be a manual delivery of the goods by the warehouseman,
but that it is sufficient if they are taken from his possession by his
permission, — if he voluntarily surrenders the possession of them.

In the case at bar, there was no actual delivery of the goods
by the defendant, and the facts show that the taking was not
by its permission, and that it did not voluntarily surrender the
possession.    If the goods had been taken by a stranger, under a
claim of title, in the presence of the defendant's agents, without
objection, the defendant might have been held to have permitted
the taking; but it cannot be contended that a taking by legal
process, by an officer of the law, into the custody of the law,
was by the permission of the defendant, nor that the failure to
resist or impede the officer was a voluntary surrender of the
possession of the goods to him.    It is true that the officer was
liable as a trespasser to the owner of the goods, but it would
not be on that account less true that he took them by virtue
of his process, and not by the permission of the defendant,
nor that the defendant, if it surrendered the possession to the

officer, did it in submission to legal process, and not voluntarily. *Stiles* v. *Davis*, 1 Black, 101. In *Edwards* v. *White Line Transit Co.* 104 Mass. 159, in which it was held that a common carrier was liable on his contract as carrier for the failure to deliver goods that were taken from him under an attachment against a person not their owner, it is said, "In one sense, the property was in the custody of the law; so far, at least, that the surrender of its possession to the officer claiming to attach it upon legal process was not tortious on the part of the carrier, so as to subject him to the charge of converting it to his own use."

The fact that the defendant exposed the goods to the officer, on his demand, does not show that the taking by him was by the permission or connivance of the defendant. The officer had a writ which authorized him to take the goods of Preston, and to break open doors for that purpose; he asserted his right, and declared his purpose to attach such goods in the warehouse in the defendant's possession as belonged to Preston, and demanded access to them. The defendant did not know whether the goods belonged to Preston or to the person in whose name they were stored, but that is immaterial. It was under no obligation if it had the right, and it had no power, to prevent the opening of the door and the taking of the goods by the officer. The facts that it opened the door with the key which was the only means of opening it without breaking, that it did not oppose or impede the officer in finding and taking the goods, or even that, on the demand of the officer, it pointed out to him the particular goods he was in search of, do not show any intention to give permission to the officer to take the goods, but submission to the legal process, and to the authority claimed and exercised by the officer under it.

The fact, that, while the goods were in the possession of the officer under the attachment, he did not remove them from the defendant's warehouse, but stored them there in charge of a keeper, and paid storage therefor to the defendant, does not show a conversion of the goods by the defendant.

On all the facts, we see no ground on which the defendant can be held liable.                    *Judgment affirmed.*

*E. M. Johnson*, for the plaintiff.

*F. L. Hayes*, for the defendant.