## CATLETT v. STOKES.

Where the parties orally agreed to release a mortgage on wheat and accept other property of the mortgagor in lieu thereof, and the agreement was consummated, whether before or after the conversion of the wheat by one purchasing it from the mortgagor, such agreement would preclude the mortgagee from following the wheat after breach of condition.

(Opinion filed, May 8, 1909.)

Hon. GEORGE H. MARQUIS, Judge.

On rehearing. Former opinion adhered to, and judgment for plaintiff and an order denying new trial reversed.

For former opinion, see 21 S. D. 108, 110 N. W. 84.

WHITING, J. This cause comes before the court upon rehearing; the former opinion of this court being found in 21 S. D. 108, 110 N. W. 84, by which opinion the lower court was reversed and a new trial granted.

We concur fully with the former opinion and with the reasoning found therein. In addition thereto, we think the facts justify the statement of another reason why the judgment of said trial court should be reversed, as it appears from the facts as stated in the former opinion of this court, the appellant, who was defendant in the trial court, upon the trial in such trial court, alleged a certain oral agreement, which he claimed had been entered into between the mortgagor and mortgagee, whereby the mortgagee agreed to accept certain oats, barley, and horses, and apply their value upon the mortgage indebtedness and to release the wheat from the mortgage. Said defendant alleged that said oral agreement was afterwards consummated by delivery of said horses, oats, and barley, in partial payment of the indebtedness; and upon trial evidence was offered upon behalf of the defense in support of such allegations. This evidence was objected to and rejected by the trial court; such trial court holding to the view that there was a conversion of the wheat in question, by the defendant, when such wheat was received by defendant and mingled with other grain, and that, inasmuch as this claimed oral agreement to deliver and receive the other kinds of grain and horses was not consummated at the time of such conversion, therefore the question of this oral agreement and delivery of property thereunder was immaterial. In view of the fact that we hold upon this appeal that there was no conversion prior to November, 1895, which was long after the time alleged as the date of the consummation of the oral agreement above referred to, the determination of the effect of such oral agreement, if any, and consummation thereof, is not necessary at this time; but, inasmuch as there must be another trial of this case, and the evidence which was rejected may be again offered, we deem it proper to give our views in relation thereto.

To illustrate this situation we will suppose that A. owed B. and had given to B. a chattel mortgage upon a horse to secure the indebtedness, and that thereafter A., being desirous of keeping the horse, should approach B. and say to him: "I will turn over to you two cows the value of which you may apply upon the indebtedness, providing you will release from the mortgage the horse." B. agrees thereto, but at that time this agreement was not

consummated by delivery of the cows, and before such delivery A. sells the horse to C. There can be no question but what B. might disregard the oral agreement and demand the horse, and, upon refusal of the possession, sue in claim and delivery or conversion; but if B., either knowing or unknowing of such sale, should, after such sale, receive from A. the two cows, and by so doing consummate the oral agreement, he must certainly be held to have released all right to the horse, or to make against any one any claim growing out of the mortgage. So in the case at bar, if mortgagor and mortgagee entered into an agreement, as claimed by the appellant, and such oral agreement was consummated, the consummation of the same, whether before or after conversion by the defendants, if there was any such conversion, would be an absolute bar to any right on the part of the mortgagee to pursue the mortgaged wheat. Therefore the court erred in excluding the testimony offered to show such agreement and consummation thereof.

The former opinion of this court is affirmed, and the judgment of the lower court and order denying a new trial are reversed.