## SIMONSON v. ANEY et al.

Testimony by an attorney and his stenographer that a note left in his care cannot be found in his office after a thorough search is sufficient to allow the admission of secondary evidence of its contents.

The sufficiency of a search to entitle a party to show by secondary evidence the contents of a lost instrument rests in the sound discretion of the trial court, and its ruling will not be reversed unless an abuse of such discretion be shown.

In an action by a mortgagee for conversion of two horses bought by the defendant from the mortgagor, evidence that after defendant's purchase plaintiff told another that he did not expect to rely upon, and did not claim anything under, such mortgage, was immaterial, and was properly excluded.

A motion for a new trial, based upon the affidavit of a witness at the trial to facts which she claims she would testify to in the new trial, is properly overruled where it appears that part of the newly discovered evidence is false, and for the reason that such evidence should have been submitted at the former trial.

A motion for new trial is largely in the sound discretion of the trial court, and, unless there has been an abuse of such discretion, it will not be reversed.

Where the undisputed facts in an action by a chattel mortgagee against a purchaser from the mortgagor for conversion showed that horses purchased by defendant were subject to a chattel mortgage to plaintiff, which was duly executed and recorded, and that the debt had not been paid, it was proper to direct a verdict for plaintiff.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Roberts County. Hon. J. H. McCoy, Judge.

Action by S. J. Simonson against G. W. Aney and another. From a judgment for plaintiff, defendants appeal. Affirmed.

*J. J. Batterton,* for appellants. *Clay Carpenter,* for respondent.

CORSON, J. This is an appeal by the defendants from a judgment in favor of the plaintiff, and from the order denying a new trial. The action was instituted by the plaintiff to recover of the defendants the value of two horses alleged to have been purchased by the defendants which were included in a chattel mortgage executed by one John Campbell to the plaintiff. It is alleged in the complaint, in effect, that on February 1, 1904, the said John Campbell executed and delivered to the plaintiff his promissory note for the sum of $500, and, to secure the payment of the same, the said Campbell executed a chattel mortgage to the plaintiff of certain personal property, which included the two horses alleged to have been purchased of said Campbell by the defendants; that said mortgage was duly filed for record in the office of the register of deeds of Roberts county; and that no part of the said note had been paid, and demanded judgment against the defendants for the sum of $250, together with the costs of the action. The defendants in their answer, among other defenses, alleged that long before the alleged conversion of the said property by the defendants herein the plaintiff represented and stated that he disclaimed all interest in and lien upon all property covered by the said chattel mortgage. This alleged defense was on motion stricken out by the court. The errors assigned were as follows: (1) "That the court erred in receiving evidence of the alleged lost note. (2) That the court erred in excluding evidence offered in behalf of the defendants under the first defense set up in their answer, waiver of lien, and estoppel, and in holding that the facts set up in such defense constituted no defense to plaintiff's cause of action. (3) That the court erred in refusing to allow witness Dove to testify that he had communicated certain statements and admissions relative to the lien of his chattel mortgage to the defendants; and in refusing to allow defendants to testify to such statements and admissions being communicated to them, and that they relied upon the truth of the same in taking possession of the horses in question. (4) That the court erred in directing a verdict for the plaintiff herein. (5) That the court erred in entering judgment upon said verdict. (6) That the court

erred in over-ruling and denying defendants' motion for a new trial."

It is contended by the appellants that the court erred in receiving the evidence of the alleged lost note. This contention is clearly untenable. It was proven by the evidence of the plaintiff that the note was left with Mr. McNulty, his attorney, and Mr. McNulty testified, as did also his stenographer, that a thorough search had been made in his office for the note, and that they were unable to find it. Upon this proof the court was fully justified in admitting the evidence of the contents of the note.

The evidence as to the sufficiency of the search made for a lost instrument to entitle the party to make proof of its contents is in the sound discretion of the trial court, and no definite rule can be laid down as to the extent of such search before evidence of its contents is admissible, and, unless there has been an abuse of such discretion, this court will not reverse the ruling of the trial court in admitting such evidence. Enc. of Evidence, p. 351.

It is further contended that the court erred in excluding evidence offered in behalf of the defendants under the first defense set up in their answer, waiver of lien, and estoppel. Witness Dove testified on the part of the defendants that he had a conversation with the plaintiff in the latter part of November, 1905, in which Campbell told him that he claimed that there was due him $260, but that he claimed no interest in the personal property, and that he had a land deal that he was figuring on getting his money out of. He was then asked the following question: "Did he, the plaintiff, say anything as to whether or not he would enforce the payment of that $260 out of the chattel mortgages on the personal property?" This question was objected to and the objection sustained. He was then asked the following question: "Did you afterwards and within a short time have any talk with either G. W. A. or Reuben Aney in which you stated to them the substance of this conversation, or told them what Mr. Simonson had told you?" Objected to, and objection sustained. It appears from the evidence in the case that the horses were purchased by the defendants in July, 1905. Clearly, therefore, the defendants could not have been

influenced in making the purchase of the horses by anything that had been said to them by Dove in November that year, and the evidence in our opinion was clearly inadmissible, even if the statements had been made prior to the purchase of the property by the defendants.

It is further contended by the appellant that the court erred in denying the defendant's motion for a new trial upon the ground of newly discovered evidence, but we are of the opinion that the court committed no error in denying the plaintiff's motion upon that ground. The motion is based mainly upon the affidavit of the witness Mrs. Duggan, who was formerly the wife of John Campbell, the mortgagor in the chattel mortgage. It is disclosed by the record that she was a witness on the trial, and had been a witness on a former trial in which portions of the property, described in the chattel mortgage, were involved, and no reasonable excuse is shown why the evidence sought to be elicited from her on the new trial was not introduced in the former trial; and the facts to which it is claimed she would testify on the new trial are unsatisfactory and not entitled to very much consideration in the case, as a part of the evidence that she claimed she would testify to was that the $500 note in controverys in the action was marked, "Paid." On the hearing of the motion for the new trial, the original note was produced by Mr. McNulty, who had found the same in his office subsequently to the trial, and before the hearing, and it conclusively appears therefrom that it had not been marked "Paid," and could not have been in the possession of the mortgagor, John Campbell, at the time stated, as the said note had always been in the possession of the plaintiff or the said McNulty up to the time of the hearing. As has been often stated by this court, the decision of the trial court on a motion for a new trial is largely within its sound judicial discretion, and, unless there has been an abuse of such discretion, the ruling of the trial court upon such motion will not be reversed by this court. After a careful examination of the affidavit upon which the motion for a new trial is based, this court cannot say there was an abuse of such discretion in denying the motion.

It' is further contended by the appellants that the court erred in directing a verdict in favor of the plaintiff, but in the view we take of the case the trial court committed no error in directing such verdict. The material facts in the case were undisputed, namely, that the horses purchased by the defendants from John Campbell were included in the chattel mortgage given by John Campbell to the plaintiff, which was properly executed and filed, and that the amount of the note for $500 for which the chattel mortgage was given for security had not been paid, and that the defendants had purchased the horses from the said John Campbell while said chattel mortgage was in full force and effect, and of which they must be presumed to have had constructive notice. These facts being established, the plaintiff was clearly entitled to a verdict for the value of the two horses which was found by the jury to be $180 for which the judgment was entered.

Finding no error in the record, the judgment of the trial court and order denying a new trial are affirmed.

McCOY, J., not sitting.