BANK OF BROOKINGS, Respondent, v. THE AURORA
GRAIN COMPANY, et al., Appellants.

## (186 N. W. 563.)

(File No. 4698.   Opinion filed January 30, 1922.)

**Bailee of Mortgaged Grain, With Notice of Mortgagees' Claim, Conversion by Bailee, Bankruptcy Order to Turn Over Fund Bailee's Duty as Trustee—Rehearing, Minority Opinion Adopted by Court.**

On rehearing, dissenting opinion on former decision (43 S. D. 591, 181 N. W. 909), is adopted as the opinion of the court, in effect holding that a grain company, bailee of plaintiff's grain with notice by mortgagees of their claim, and who afterwards converted the grain, by selling same in due course of business, was, as trustee of the fund, bound either to set up the mortgagees' claim in response to an order of the mortgagor's referee in bankruptcy requiring bailees to turn over to trustee in bankruptcy said fund, and was also, as said trustee, bound either to assert the rights of the mortgagees thereto or to turn the fund into court under provision of Sec. 2324, Code 1919, so that adverse claimants thereto may have their rights adjudicated; and, having failed to do so, they cannot defend against mortgagees' suit for conversion.

Anderson, J., not sitting.

On rehearing.  Dissenting opinion on the former hearing and decision, adopted as the opinion of the court; and judgment appealed from affirmed.

*Waddel & Dougherty*, for Appellants.

*Hall & Purdy*, for Respondent.

Appellant cited:  Laverty v. Snethen, 68 N. Y. 522; Esmay v. Fanning, 9 Barb. 176; Conwell v. Jager, 21 Ind. App. 110, 51 N. E. 733.

Respondent cited:  Catlett v. Stokes (S. D.) 145 N. W. 554; Willard v. Monarch Elevator Co. (N. D.) 87 N. W. 996.

WHITING, J.  [1-4]  This cause is before us upon rehearing.  Our former opinion, including the dissenting views of a minority of this court, will be found reported in Bank of Brookings v. Aurora Grain Co., 43 S. D. 591, 181 N. W. 909.  After further consideration of the issue presented on this appeal, the majority of the court are convinced that the views expressed in the dissenting opinion on the former hearing were in all things correct.  We therefore adopt such dissenting opinion as the opin-

8—Vol. 45, S. D.

ion of the court; and the judgment and order appealed from are affirmed.

ANDERSON, J., not sitting.

SMITH, J. (dissenting.)   I cannot concur in the conclusions reached by my majority Associates in this case.   The Calhoun Case, 37 S. D. 542, 159 N. W. 127, is not applicable.   In that case Pettigrew received moneys, proceeds of mortgaged property, upon an express trust under which he agreed to apply the same in payment of certain mortgages.   The funds in his hands were levied upon by creditors of Calhoun, the mortgagor, by garnishment proceedings.   This court ruled that the creditors could not reach the fund by garnishment, holding that the claim of the trustee holding funds for the benefit of the mortgagees, was superior to that of a creditor of the mortgagor.

The majority opinion states that—

"either it [the grain company] received the grain and disposed of it in defiance and denial of plaintiff's rights under its mortgage, or else it received it in full recognition of plaintiff's rights and the claims it had made.   If it did the first, then a cause of action for conversion immediately arose, against which it has absolutely no defense, it appearing that the mortgage was valid."

The trouble with this statement is that the evidence in the record does not sustain either supposition.   In the first place, the defendant never by deed or act challenged or denied the validity of the mortgage or the rights of the mortgagee.   In the second place, there is not a scintilla of evidence to sustain the assumption that the defendant "voluntarily assumed the relation of trustee of plaintiff of such portion of the proceeds of said grain as would pay the mortgage indebtedness."

The facts are fully set forth in the record, and may be briefly stated so far as material to this proposition.   The mortgagor hauled in and delivered the grain to the defendant's elevator. The grain was sold, and thereafter, by consent of both mortgagor and mortgagee, the proceeds became substituted as security for the mortgage indebtedness.   There is no evidence that defendant ever consented or agreed to dispose of or apply the money in any manner whatever.   Defendant merely held it as substituted in place of the grain.   The only duty assumed was that of bailee. The defendant never had or claimed any interest in the grain or

the proceeds thereof.   After the sale the defendant's possession of the proceeds was with the consent and under the agreement of both mortgagor and mortgagee.   The mortgagee is not now in a position to assert that the sale constituted a conversion.   If there ever was a conversion of the grain, the right to recover therefor was waived by the agreement that the proceeds of the sale in defendant's hands should be substituted for the grain. Defendant's possession of the money was not wrongful, because both parties had agreed thereto.   It is not shown by any evidence or even claimed that defendant ever agreed to pay any portion of this money to the mortgagee, or to dispose of it in any manner whatever.

In the Calhoun case it was conceded that Pettigrew accepted the fund under an express agreement that he would apply it in satisfaction of certain mortgages.   Of course, he became a trustee. But no such state of facts existed in this case.   If my majority Associates by any process of legal reasoning could transform a naked bailee into a trustee of an express trust, I would agree that the Calhoun case might be controlling here, but I know no legal formula for such a transformation.

Other phases of the case need not be discussed, as the majority decision rests upon the asserted trusteeship of defendant.