NIELSEN, Respondent, v. WARNER, et al, Appellant

(281 N. W. 110.)

(File No. 8149. Opinion filed August 10, 1938.)

*W. J. Jacobs,* of Faulkton, for Appellant.

*Roy A. Nord,* of Faulkton, for Respondent.

RUDOLPH, J. This is an action to recover damages for conversion of an automobile. The defendant, Lerew, was the owner of the automobile and mortgaged it to the plaintiff. The mortgage was duly filed with the register of deeds of Faulk County. While this mortgage was in effect, and at the time when the indebtedness secured was past due, Lerew traded this automobile to the defendant, Warner. At the time Lerew transferred title to Warner, he informed Warner there was a mortgage on the car but stated that other properties were covered by this mortgage which would more than pay the mortgage indebtedness. When Warner got the automobile in his possession he took the motor out, reconditioned it, and installed it in another car of similar make and offered this car for sale. He also took the transmission out of the mortgaged car. The evidence is conflicting upon what happened to this transmission. Warner first testified that he had sold this transmission. How-

ever, he later testified that the transmission was installed in the same car as the motor. After learning that the mortgaged car was in the possession of Warner, the plaintiff demanded from him the money due on the note, which was secured by the mortgage. Plaintiff did not demand possession of the car. Plaintiff testified: "At no time previous to the commencement of this action have I ever demanded the possession of that car from any one." At the time plaintiff demanded payment, Mr. Warner was still in possession of the mortgaged car in the condition in which he received it except for the removal of the engine and the transmission. He also had possession of the car in which he had installed the motor from the mortgaged car. After plaintiff had demanded payment of the note Mr. Warner took the motor from the car in which it had been installed and replaced it in the mortgaged car. He also, according to his testimony, replaced the transmission. The motor when reinstalled in the mortgaged car had been reconditioned. Thereafter Warner returned this mortgaged car to the defendant, Lerew, and so informed the plaintiff. This action was not started until some time after the car had been returned to Lerew and the plaintiff notified of this fact.

 At the close of the testimony both plaintiff and defendant moved for a directed verdict without reservation of right to go to a jury on any question involved in the case. By such motions the parties consented that the court should decide all questions of fact as well as the questions of law. The trial judge under these circumstances directed a verdict for the plaintiff which has the effect of resolving all disputed questions of fact in favor of plaintiff, and we must review the evidence with this rule in mind. See Sioux National Bank v. Lundberg, 54 S. D. 581, 223 N. W. 826; Citizens State Bank v. Rosenwald, 63 S. D. 50, 256 N. W. 264. The only real disputed question of fact, so far as here material, regards the transmission. Resolving this disputed question of fact in favor of the plaintiff, we accept the view that the transmission was taken from the mortgaged car and sold by the defendant, Warner, and that another transmission was replaced in the mortgaged car when it was returned to the mortgagor.

 The appellant bottoms his appeal upon the failure of the plaintiff to make demand for the return of the mortgaged car. It is appellant's position that without such demand this action for

conversion cannot be maintained. The indebtedness being due, plaintiff's right to possession under the terms of the mortgage had accrued. A demand was therefore not necessary to bring into existence plaintiff's right of possession. Appellant relies principally upon the case of Catlett v. Stokes, 21 S. D. 108, 110 N. W. 84, on rehearing, 23 S. D. 215, 121 N. W. 103. The court in that case relied to a large extent upon a statement in Jones on Chattel Mortgages, 3d Edition, Section 491, as follows: "A purchaser of mortgaged property cannot be held liable for a conversion of it without a definite demand by the mortgagee, or a definite refusal to surrender it." In the Sixth Edition of the same work, the general statement relied upon by this court in the Stokes Case is qualified, as follows: "The statement must be accepted with qualifications, and in view of the general principles that govern the tort of conversion and the action of trover for the recovery of damages for the conversion. If the purchaser of mortgaged chattels has exercised dominion over them in defiance and disregard of the rights of the mortgagee, or has so used or disposed of them as to injure or destroy the interest of the mortgagee therein, or has converted them to his own use, then he is liable to the mortgagee in trover without a demand and refusal of possession. Likewise, if it is apparent that a demand of possession would be futile, as for instance, where the purchaser from the mortgagor has resold the property so that he no longer controls it, a demand is unnecessary. A demand and refusal of possession do not themselves constitute a conversion. They are simply evidence of a conversion, and they are not necessary, and proof of them is not necessary, when a conversion can be shown otherwise. See Bowers, The Law of Conversion, §§ 234 to 237; chap. VI of the same work, 'Demand and Refusal'." It appears also that this court has not adhered to the broad general rule laid down in the case to which reference has been made. In the dissenting opinion in the case of Bank of Brookings v. Aurora Grain Co., 43 S. D. 591, 181 N. W. 909, which became the majority opinion of the court by virtue of the opinion on rehearing, reported in 45 S. D. 113, 186 N. W. 563, and which was a case similar to the Stokes Case in that it involved the sale of mortgaged grain to an elevator, the court said: "From the above facts it is certain that the grain company assumed one of two positions, and occupied

same for the several months after it disposed of this grain and before it paid over the proceeds of same to the trustee in bankruptcy: Either it received the grain and disposed of it in defiance and in denial of plaintiff's rights under its mortgage; or else it received it in full recognition of plaintiff's rights and the claims it had made. If it did the first, then a cause of action for conversion immediately arose, against which it has absolutely no defense, it appearing that the mortgage was valid." The same holding would seem to be implied in the decision of this court in the case of Hanover National Bank v. Farmers' & Merchants' State Bank, 55 S. D. 598, 227 N. W. 67. See, also, Hahn v. Sleepy Eye Milling Co., 21 S. D. 324, 112 N. W. 843; Simonson v. Aney, 26 S. D. 121, 128 N. W. 319. It is our opinion that where, under the terms of a mortgage, the mortgagee's right to possession has accrued, the general principles that govern the tort of conversion must apply with reference to the mortgaged property. Under these principles a demand and refusal "are simply evidence of a conversion, and they are not necessary, and proof of them is not necessary, when a conversion can be shown otherwise." The question therefore presented in this case is whether or not the acts of appellant, Warner, in purchasing this car from the mortgagor with knowledge of the mortgage, and thereafter proceeding to take the motor and transmission from the mortgaged car, placing the motor in another car of similar make, and offering this car for sale, and selling the transmission, amounted to a conversion of the car independent of any demand for the return of the car made by the mortgagee. Under the holding of this court in the Bank of Brookings Case, supra, and under the general principles of conversion, if the acts of Warner were in defiance and disregard of the rights of the mortgagee under his mortgage, then a conversion of the mortgaged property occurred. Were the acts of Warner in removing the motor, placing it in another car, and then offering this other car for sale, and selling the transmission, "in defiance and in denial of plaintiff's rights under its mortgage?" We think they were. Certainly, Warner was dealing with the property as absolutely his own and without any regard for plaintiff's rights. The transmission was sold, and the car in which the motor was installed was offered for sale. Warner is not in the same position he would be if he had removed the motor, reconditioned it, and then placed it back in the

same car. We think it clear that placing this motor in another car and then offering·this car for sale and selling the transmission was acting in defiance and disregard of the rights of the mortgagee.

The case of First National Bank of Pipestone v. Siman, 65 S. D. 514, 275 N. W. 347, is not controlling. That case involved a sale of mortgaged property by a factor or agent of the mortgagor and a demand was made. We held that the factor or agent was liable on the theory of agency.

The acts of the purchaser after receiving the mortgaged property being in defiance and derogation of the rights of the mortgagee and constituting a conversion, there is no necessity to decide whether the simple purchase of the mortgaged property is of itself sufficient to constitute a conversion.

██ The return of the automobile by Warner to the mortgagor, as disclosed by the evidence, does not constitute a defense. The conversion was complete when Warner dismantled the car, sold the transmission, and placed the motor in another car and offered it for sale. The return of the car to the mortgagor was never agreed to by the plaintiff, and could not in any way affect his rights. It is generally held that an offer to restore property after a completed conversion, or an actual return of the goods to the premises of the plaintiff without an acceptance, does not affect plaintiff's cause of action. Haubrich v. Heaney, 161 Minn. 92, 200 N. W. 930; DeCelles v. Casey, 48 Mont. 568, 139 P. 586; Note, 9 Minn. Law. Rev. 392. The return of the property in this case was not to the plaintiff but to the mortgagor and was never agreed to or accepted by the plaintiff, and cannot, in our opinion, in any manner affect the rights of the plaintiff.

The judgment and order appealed from are affirmed.

ROBERTS, P. J., and WARREN and SMITH, JJ., concur.
POLLEY, J., concurs specially.

POLLEY, J. (concurring specially). When the defendant, with knowledge of the existence of the chattel mortgage, purchased the car and took it into his possession as his own, he at once became guilty of the conversion thereof and plaintiff's right of action for such conversion became complete. The removal of the

motor and transmission from the car, and defendant's efforts to sell the same, or any part thereof, are wholly immaterial to plaintiff's right of recovery.