SCHMIDT, Respondent v. YOUNG, et al, Appellant

(285 N. W. 522.)

(File No. 8202.   Opinion filed April 27, 1939.)

*A. L. Sherin* and *C. R. Jorgenson,* both of Watertown, for Appellant.

*Harry Grant* and *Parliman & Parliman,* all of Sioux Falls, for Respondent.

RUDOLPH, J. ■ Plaintiff seeks to recover in this action the amount of a certain promissory note wherein the defendant, Young, is maker and the defendant, Midland National Life Insurance Company, is payee. Plaintiff seeks to hold the defendant insurance company liable on account of its endorsement appearing on the back of the note. Sec. 1770, R. C. 1919. The facts disclose the following: The defendant, Young, was an employee of the defendant insurance company, and had occasion to use an automobile in his work. The insurance company advanced money to Young for the purpose of purchasing an automobile, and, as evidence of this debt, Young gave to the insurance company the note in suit. He also executed a chattel mortgage upon the car. The note being past due and unpaid, the insurance company started an action for the foreclosure of the chattel mortgage. It also sought to secure possession of the car by means of an action in claim and delivery. However, the defendant retained possession of the car by furnishing a bond for that purpose. While these two actions were pending, the defendant, Young, and the plaintiff, Schmidt, conducted certain negotiations with the insurance company which resulted in the plaintiff obtaining possession of the note and the chattel mortgage. The note bears the endorsement of the insurance company, as follows: "Pay to the order of Edward F. Schmidt, Midland National Life Insurance Co., J. J. Bell, President." The assignment of the chattel mortgage is, as follows:

"This Chattel mortgage is hereby, in consideration of the sum of $613.17 receipt of which is hereby acknowledged, assigned

unto Edward F. Schmidt of Sioux Falls, South Dakota. Dated this 13th day of August, A. D. 1936.

"Midland National Life Ins. Co.,
"By J. J. Bell,
"President."

Following the submission of the testimony in the circuit court both sides moved for a directed verdict, and the trial court thereupon withdrew the case from the consideration of the jury, and made its own findings of fact and conclusions of law. The trial court held the defendant insurance company liable on its endorsement, and this defendant has now appealed. Under these circumstances all disputed questions of fact must be resolved in favor of the plaintiff. Nielson v. Warner, 66 S. D. 214, 281 N. W. 110.

It is the contention of the appellant that the negotiations which culminated in the endorsement of the note and the assignment of the mortgage by the insurance company disclose that the note was in fact paid, and that any obligation thereunder has been extinguished. In support of this contention the appellant relies principally upon the testimony of the attorney representing the insurance company in its suits against Young, and upon certain writings that were executed during the course of the negotiations. This attorney testified in substance that the plaintiff, Schmidt, and the defendant, Young, consulted him at the time the actions were pending; and in the presence of plaintiff, Young said that he was prepared to pay the note with money that plaintiff had agreed to loan him if the costs which had been incurred in the two actions were not charged to him; that after some conversation it was agreed to waive the costs and thereupon the plaintiff, Schmidt, drew his check payable to Young, and Young endorsed it and turned it over to the attorney. Certain stipulations were prepared for the purpose of dismissing the pending actions, and, while these stipulations were being typed by the stenographer, the attorney testified that the plaintiff asked how he was to secure himself with reference to the money he had just loaned Young, and, as the result of some further conversation, it was there agreed that the insurance company would "merely write an endorsement or an assignment across the back of this mortgage and this note, which had been returned to Warren O. Young, and that he (plaintiff) could have those papers to protect him until he got to Sioux

Falls", where the plaintiff was to take a new note and mortgage from the defendant, Young.

The written stipulations signed by the defendant, Young, and the attorney representing the insurance company, recite that the defendant, Young, has paid to the insurance company the amount of the note. There is also in the record a written assignment by Young to the plaintiff, wherein Young assigns "certain credits which I may have at this time or hereinafter shall be entitled to receive from Midland National Life Insurance Company." This assignment was executed on the day the negotiations over this note were had. Relying upon this testimony and these facts, appellant seeks to bring this case within the rule announced in Charnock v. Jones et al., 22 S. D. 132, 115 N. W. 1072, 1073, 16 L. R. A., N. S., 233, which is as follows: "The payment of a promissory note by a third person at the request of the maker to an agent holding it for collection extinguishes the note, and cannot afterwards be treated as a purchase. The obligation to pay being discharged, a subsequent transfer of the note by the payee to the person making the payment will not revive it."

It may be here conceded that the above testimony and facts, if undisputed, would be sufficient to bring this case within the rule just announced. However, the plaintiff, Schmidt, has given an entirely different version of the transaction that took place. The plaintiff denies any knowledge of the written stipulations and also denies any knowledge of the action to foreclose the mortgage. He testified that he had his negotiations with the officers of the insurance company, and it was only after an understanding was reached with them that the attorney appeared, and no new negotiations were had between him and the attorney.

The plaintiff further testified:

"Mr. Young had talked to me in regard to his account that he was supposed to have coming on deferred commissions on life insurance. This conversation was had with Mr. Bell and Mr. Steinmetz (officers of defendant insurance company). Mr. Steinmetz had checked up on his renewals.

"Mr. Steinmetz showed me how much Young was supposed to have coming on deferred commissions. I told Mr. Steinmetz at that time I would not take it for granted that insurance renewals were worth any amount or any extent and I would not accept

that as collateral for the amount of money to take care of Mr. Young's note, but I said: 'I will take the assignment of that mortgage and endorsement of that note and I will take care of Mr. Young's car' that they were replevying on, I believe, at that time. I told them that I wanted an endorsement of this note, Exhibit 1, also that I wanted an assignment of the chattel mortgage on the car. * * * Before I signed and delivered the check, Exhibit 3, I had received Exhibits 1 (note and endorsement), 2 (chattel mortgage and assignment) and 4 (assignment of credits), had looked them over, looked the endorsement over on the back of Exhibit 1. I executed and delivered check, Exhibit 3, after the conversation with Mr. Bell and Mr. Steinmetz and Mr. Young, in which conversation I told them what I wanted, and what I would do, and the way I would accept it."

This evidence of the plaintiff fairly establishes that plaintiff told the officers of the defendant company that he would advance the money to release Young's car from the replevin action, if the defendant company would endorse and turn over to him the note in suit, assign and deliver the chattel mortgage, and accept the assignment of credits. The acceptance of these proposals made by plaintiff is evidenced by the fact that the defendant complied in every detail therewith. There is the further fact, of course, that the endorsement on the note is unqualified, which in itself gives support to plaintiff's version. Appellant points to the fact that the stipulation dismissing the pending action recited that Young had paid to the plaintiff the amount of the note, but plaintiff denies any knowledge of this stipulation. Appellant also points to the fact that plaintiff's check was made payable to Young and by Young endorsed and delivered to the insurance company. We are convinced that neither the stipulation as made nor the manner in which the money was turned over to the insurance company was conclusive upon the trial court. True, these two circumstances do cast suspicion upon the claims made by plaintiff. But, in spite of this, the trial court has accepted plaintiff's testimony and this court is bound thereby. Under this testimony, we believe, the trial court was justified in finding that there was no intention to extinguish the obligation of the note, that the transaction in effect constituted a purchase of this note by the plaintiff under the endorsement of the defendant insurance company, and that in addition thereto

plaintiff demanded and received, by way of additional security, the assignment of the chattel mortgage and the assignment of the credits due Young from the insurance company. There was a direct conflict in the evidence as we view it, and that conflict has been resolved by the trial court in favor of the plaintiff.

"Whether a transaction by which a negotiable instrument is taken up by one who is neither a party to the paper nor in anyway bound for its payment constitutes a payment or a purchase is a question of intention—one of fact rather than of law— and must be settled by the evidence." 8 Am. Jur. 478.

The judgment and order appealed from are affirmed.

WARREN, P. J., and ROBERTS and SMITH, JJ., concur. POLLEY, J., absent and not sitting.